**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2955-16T1


L. JOSEPH BURKE,

    Plaintiff-Appellant/
    Cross-Respondent,

v.

ANNA BERNARDINI,

    Defendant-Respondent/
    Cross-Appellant.

_____

        Argued telephonically March 27, 2018 —
        Decided July 13, 2018

        Before Judges Simonelli and Gooden Brown.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Camden County, Docket No.
        C-000073-16.

        Jay H. Greenblatt argued the cause for
        appellant/cross-respondent (Greenblatt &
        Laube, PC, attorneys; Jay H. Greenblatt, on
        the brief).

        Jonathan Edward Ingram argued the cause for
        respondent/cross-appellant (Borger Matez, PA,
        attorneys; Bruce P. Matez and Jonathan Edward
        Ingram, on the briefs).

PER CURIAM

Plaintiff L. Joseph Burke and defendant Anna Bernardini were involved in a romantic relationship, during which Burke purchased property on which he built a house where they would reside together. The original deed to the property conveyed title to Burke only, but pursuant to the parties' written agreement, Burke executed and recorded a deed conveying title to himself and Bernardini as joint tenants with right of survivorship. After Burke ended the relationship, he filed a complaint in the Chancery Division, General Equity Part, seeking, in part, to compel Bernardini to convey her interest in the property to him without payment under a joint venture theory. Bernardini filed a counterclaim for partition and counsel fees.[1]

Burke appeals from that part of the February 17, 2017 order, which granted summary judgment to Bernardini on her partition claim, and the February 23, 2017 judgment for partition. Bernardini cross-appeals from the March 10, 2017 order, which denied her motion for counsel fees. We affirm.

---

[1] In count two of her counterclaim, Bernardini asserted a claim for palimony and breach of contract. She subsequently dismissed that count with prejudice.

We derive the following facts from the evidence submitted by the parties in support of, and in opposition to, the summary judgment motion, viewed in the light most favorable to the party who opposed entry of summary judgment. Elazar v. Macrietta Cleaners, Inc., 230 N.J. 123, 135 (2017).

The parties knew each other for approximately twenty-five years before they began dating in March 2009. At that time, Burke resided at his home in Milmay and Bernardini resided at her daughter's condominium in Marlton.

In September 2010, Burke began residing with Bernardini in the Marlton condominium, where they paid the rent and utilities equally. In November 2010, Burke returned to reside at his home in Milmay and Bernardini continued residing in the Marlton condominium. They continued their relationship.

In November 2011, the parties agreed to lease a condominium in Margate for a one-year term, and share expenses. In January 2012, defendant began paying Bernardini's share of the expenses after she became financially unable to do so.

In November 2012, Bernardini was helping her daughter establish a salon in Marlton. She began residing in a condominium her son leased for her across from her daughter's condominium and

Burke returned to his home in Milmay. They continued their relationship.

In 2013, the parties discussed residing together, and Burke listed his home in Milmay for sale. After the home sold in 2014, Burke resided at his daughter's home in Egg Harbor. He purchased property in Berlin and built a house on it. He paid $368,000 for the property and approximately $100,000 for improvements and additions to the house. Both parties contributed furnishings.

Prior to the closing of title, on September 15, 2014, the parties executed an agreement, which provided as follows, in pertinent part:

> Promise to Bernardini. Burke acknowledges and agrees that Bernardini has provided, and will continue to provide companionship to him of an indefinite length. Burke promises and represents that upon [c]losing, the [h]ome shall be deeded and titled in the name of "Burke and Bernardini, as joint tenants with the right of survivorship," in accordance with N.J.S.A. 46:3-17.1.

The agreement also provided: "Burke warrants and represents that Bernardini shall have no financial obligations for the [h]ome, including, but not limited to, property taxes, [homeowners] association fees, and homeowners insurance[,]" and "Burke warrants and represents that he has entered into this [a]greement volitionally and of his free will."

A-2955-16T1

The closing of title occurred on September 25, 2014. Contrary to the agreement, the deed to the property conveyed title only to Burke. The parties then executed an amended agreement on October 3, 2014, which provided as follows, in pertinent part:

> <u>Promise of Burke</u>. Burke acknowledges and agrees that Bernardini has provided, and will continue to provide companionship to him of an indefinite length. <u>Burke promises that within [forty-five] days from the execution of this [a]greement, or as soon as reasonably possible, the existing deed to the [h]ome shall be modified to be "Burke and Bernardini, as joint tenants with the right of survivorship," in accordance with N.J.S.A. 46:3-17.1</u>.
>
> [(Emphasis added).]

The agreement also provided: "Burke warrants and represents that he has entered into this [a]greement volitionally and of his free will[,]" and that the agreement was "intended to set forth the entire understandings between the [p]arties[.]"

In accordance with both agreements, on November 17, 2014, Burke, as grantor, executed a deed to himself and Bernardini as grantees, conveying title to the property to them as "joint tenants with the right of survivorship." The deed expressly provided: "The [g]rantor, by his signature below, <u>evidences his intention to convey the [p]roperty to the [g]rantees, as joint tenants with the right of survivorship, and not as community property nor</u>

<u>tenants in common</u>." (Emphasis added). The deed was recorded in the Camden County Clerk's Office on December 19, 2014.

The parties began residing in the Berlin house in January 2015. In accordance with the agreements, Burke paid the utility bills, cost of repairs and maintenance, and all other costs associated with the house.

In February 2016, Burke ended the relationship and moved out of the house. He then instituted the present action to compel Bernardini to convey her one-half ownership interest to him without any payment for her one-half ownership interest. He alleged "[t]he transfer of title to [Bernardini] jointly was for the purpose of giving [Bernardini] the security of a right of survivorship conditioned on the maintenance and continuance of the amicable relationship and companionship that had been promised for an indefinite length of time[,]" and the condition was not fulfilled. He also alleged the parties entered into a joint venture for the purchase and maintenance of the property, which ended in February 2016. Bernardini filed a counterclaim for partition pursuant to N.J.S.A. 2A:56-2.

Bernardini filed a motion for summary judgment on her partition claim, and sought equal distribution of the proceeds of the sale of the property. She also sought counsel fees pursuant to <u>Rule</u> 1:4-8.

Burke filed a cross-motion for summary judgment on his joint venture claim, and requested a plenary hearing to determine the equitable distribution of the sale proceeds based on quantum meruit.[2] In opposition, Bernardini did not dispute the property was procured as a joint venture, but argued by deed, it became a joint tenancy with right of survivorship and the deed controlled.

In granting summary judgment to Bernardini, the court found the deed expressly created a joint tenancy with right of survivorship pursuant to N.J.S.A. 46:3-17,[3] not a tenancy in common, and Bernardini had a one-half interest in the property entitling her to equal distribution of the sale proceeds. The

---

[2] Burke also sought summary judgment dismissing count two of Bernardini's counterclaim for palimony and breach of contract, which the court denied. Because Bernardini subsequently dismissed those claims with prejudice, the issues are moot.

[3] N.J.S.A. 46:3-17 provides as follows:

> From and after February fourth, one thousand eight hundred and twelve, no estate shall be considered and adjudged to be an estate in joint tenancy, except it be expressly set forth in the grant or devise creating such estate that it was or is the intention of the parties to create an estate in joint tenancy and not an estate of tenancy in common, any law, usage, or decision theretofore made, to the contrary notwithstanding.

court noted that even if the deed created a tenancy in common, Bernardini still had a right to partition.

The court rejected Burke's claim for equitable distribution of the sale proceeds based on quantum meruit. The court found that by executing the second deed, Burke gifted Bernardini one-half of the value of the property and was not entitled to reimbursement for the contributions he made to acquire, improve, or maintain the property. The court memorialized its decision in a February 17, 2017 order. On February 23, 2017, the court entered a judgment for partition and ordered the equal distribution of the net sale proceeds.[4] In a March 10, 2017 order, the court denied Bernardini's motion for counsel fees.

## II.

On appeal, Burke reiterates that the property was a joint venture and the court should have conducted a plenary hearing to determine equitable division of the sale proceeds based on quantum meruit. We disagree.

Our review of a ruling on summary judgment is de novo, applying the same legal standard as the trial court. Conley v. Guerrero, 228 N.J. 339, 346 (2017). Thus, we consider, as the trial court did, "whether the evidence presents a sufficient

---

[4] Prior to entry of the judgment, in a February 15, 2017 order, the court approved the sale of the property for $435,000.

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Liberty Surplus Ins. Corp. v. Nowell Amoroso, PA, 189 N.J. 436, 445-46 (2007) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 536 (1995)). Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016) (quoting R. 4:46-2(c)).

"To defeat a motion for summary judgment, the opponent must 'come forward with evidence that creates a genuine issue of material fact.'" Cortez v. Gindhart, 435 N.J. Super. 589, 605 (App. Div. 2014) (quoting Horizon Blue Cross Blue Shield of N.J. v. State, 425 N.J. Super. 1, 32 (App. Div. 2012)). "[C]onclusory and self-serving assertions by one of the parties are insufficient to overcome the motion." Puder v. Buechel, 183 N.J. 428, 440-41 (2005) (citations omitted).

If there is no genuine issue of material fact, we must then "decide whether the trial court correctly interpreted the law." DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (citation omitted). We

review issues of law de novo and accord no deference to the trial judge's legal conclusions. <u>Nicholas v. Mynster</u>, 213 N.J. 463, 478 (2013). "[F]or mixed questions of law and fact, [an appellate court] give[s] deference . . . to the supported factual findings of the trial court, but review[s] de novo the lower court's application of any legal rules to such factual findings." <u>State v. Pierre</u>, 223 N.J. 560, 576-77 (2015) (citations omitted). Applying the above standards, we discern no reason to disturb the court's grant of summary judgment to Bernardini.

It has been long-held that:

> "Where a deed is made and accepted in pursuance of an executory contract, the law presumes that it fully expresses the final intentions of the parties as to so much of the contract as it purports to execute." . . . <u>It is the general rule that the acceptance of a deed for land is to be deemed prima facie full execution of an executory agreement to convey and that thenceforward the agreement becomes void and the rights of the parties are to be determined by the deed, not by the agreement</u>. The deed when accepted is presumed to express the ultimate intent of the parties with regard to so much of the contract as it purports to execute. Covenants collateral to the deed are exceptions to this rule.
>
> . . . [T]he acceptance of a deed for land is to be deemed prima facie full execution of an executory contract to convey, unless the contract contains covenants collateral to the deed.

[<u>Bogert v. Citizens First Nat'l Bank & Tr.</u>
<u>Co.</u>, 131 N.J.L. 218, 221-22 (E. & A. 1944)
(emphasis added) (citations omitted).]

Here, even if the parties' conduct suggested a joint venture, the subsequent agreements changed the legal nature of this relationship. The agreements, both executed prior to Burke's execution of the second deed, established the parties would hold title to the property as joint tenants with the right of survivorship and Bernardini would have no financial obligations for the house. The agreements contained no provision preserving the joint venture or granting Burke the right to reimbursement for the contributions he made to acquire, improve, or maintain the property.

Furthermore, the deed conveyed title to the property to the parties as joint tenants with the right of survivorship, not as a joint venture, and expressly stated this was Burke's intention. The deed contained no covenants or conditions collateral to the deed. Thus, even if the parties had agreed to a joint venture, that agreement became void, and the deed, not the agreement, determined the parties' rights. The deed expressly provided for a joint tenancy with the right of survivorship. Thus, each party is entitled to an equal distribution of the net sale proceeds as a matter of law.

Mitchell v. Oksienik, 380 N.J. Super. 119 (App. Div. 2005), on which Burke relies, does not change this outcome. There, unlike here, the unmarried parties jointly purchased property on which they built a home, but title was taken in the defendant's name only. Id. at 123-24. We affirmed the trial court's grant of equitable relief to the plaintiff as a joint venturer. Id. at 127.

Nor does Baker v. Drabik, 224 N.J. Super. 603 (App. Div. 1988), on which Burke also relies, change the outcome. There, unlike here, the unmarried parties jointly purchased property and took title as tenants in common, not as joint tenants with the right of survivorship. Id. at 606.[5] Accordingly, summary judgment was properly granted to Bernardini on her partition claim.

III.

On cross-appeal, Bernardini challenges the court's denial of her motion for counsel fees pursuant to Rule 1:4-8.[6]

---

[5] Burke also relies on unpublished opinions to support his joint venture claim. However, unpublished opinions do not constitute precedent or bind us. Trinity Cemetery Ass'n v. Twp. of Wall, 170 N.J. 39, 48 (2001); R. 1:36-3.

[6] We decline to address Bernardini's additional argument that she is entitled to counsel fees under N.J.S.A. 2A:15-59.1. She did not raise this argument before the trial court and it is not jurisdictional in nature nor does it substantially implicate the public interest. Zaman v. Felton, 219 N.J. 199, 226-27 (2014) (citation omitted). We also decline to address her argument that

Counsel fee sanctions under <u>Rule</u> 1:4-8 "are specifically designed to deter the filing or pursuit of frivolous litigation[.]" <u>LoBiondo v. Schwartz</u>, 199 N.J. 62, 98 (2009).  A second purpose of the rule is to compensate the opposing party in defending against frivolous litigation.  <u>Toll Bros., Inc. v. Twp. of W. Windsor</u>, 190 N.J. 61, 71 (2007).

A litigant seeking a counsel fee sanction under <u>Rule</u> 1:4-8 must file a motion "separately from other applications" describing "specific conduct alleged to have violated this rule."  <u>R.</u> 1:4-8(b)(1); <u>see also</u> <u>Toll Bros.</u>, 190 N.J. at 69.  The motion "shall be filed with the court no later than [twenty] days following the entry of final judgment."  <u>R.</u> 1:4-8(b)(2).

Prior to filing such a motion, the litigant must "serve a written notice and demand on the attorney or pro se party, which must include a request that the allegedly frivolous paper [or pleading] be withdrawn."  <u>Toll Bros.</u>, 190 N.J. at 69.  This notice is generally referred to as a "safe harbor" notice.  <u>Ibid.</u>  The "safe harbor" notice

> shall (i) state that the paper is believed to violate the provisions of this rule, (ii) set forth the basis for that belief with specificity, (iii) include a demand that the paper be withdrawn, and (iv) give notice, except as otherwise provided herein, that an

---

she is entitled to counsel fees under <u>Rule</u> 5:3-5.  Counsel fees under that rule are only cognizable in Family Part actions.

> application for sanctions will be made within a reasonable time thereafter if the offending paper is not withdrawn within [twenty-eight] days of service of the written demand.
>
> [R. 1:48-(b)(1).]

A litigant making a motion under Rule 1:4-8 must include a certification that he or she served a "safe harbor" notice and must submit a copy of the notice. R. 1:4-8(b)(1). The litigant must also "certify that the paper objected to has not been withdrawn or corrected within the appropriate time provided herein following service of the [safe harbor notice]." Ibid.

The court may award "reasonable expenses and attorneys' fees" to the prevailing party on a motion for frivolous lawsuit sanctions. R. 1:4-8(b)(2). In order to establish reasonableness, the moving party's attorney must submit an affidavit of services conforming to the requirements of R.P.C. 1.5(a). The affidavit of services must also include "a detailed statement of the time spent and services rendered by paraprofessionals, a summary of the paraprofessionals' qualifications and the attorney's billing rate for paraprofessional services to clients generally[,]" and a statement as to how much the client had paid, "and what provision, if any, has been made for the payment of fees to the attorney in the future." R. 4:42-9(b) and (c).

A-2955-16T1

Here, on July 22, 2016, Bernardini's attorney sent Burke's what was arguably a "safe harbor" notice. However, Bernardini did not file a Rule 1:4-8 motion separately from her motion for summary judgment and did not include the required certification and copy of the "safe harbor" notice. R. 1:4-8(b)(1). She also did not file a motion no later than twenty days following the entry of final judgment, Rule 1:4-8(b)(2), and her attorney did not submit an affidavit of services. Failure to comply with the requirements of Rule 1:4-8 warranted the denial of her motion for counsel fee sanctions under Rule 1:4-8(b). State v. Franklin Sav. Account No. 2067, 389 N.J. Super. 272, 281 (App. Div. 2006).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION